UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CENTER FOR TRANSPORTATION AND
THE ENVIRONMENT, INC.,

       Plaintiff,

      v.

GEORGIA AQUARIUM, INC.,

      Defendant.

CIVIL ACTION

NO. 1:05-CV-2790-CAP

O R D E R

This matter is before the court on the defendant's motion
to dismiss several of the plaintiff's claims pursuant to Federal
Rule of Civil Procedure 12(b)(6) [Doc. No. 6].

Factual Background

The plaintiff, Center for Transportation and the
Environment, Inc. ("CTE"), is a nonprofit organization that
provides, among other things, industrial design services,
including creative concept development, marketing strategy
services, and manufacturing and production management. The
defendant, Georgia Aquarium, Inc. ("GAI"), is a nonprofit
corporation that owns and operates the world's largest aquarium.

The subject of the present suit is a wall in GAI's aquarium
known informally as the "FishScales Wall." The FishScales Wall
is an 80-foot wall covered by lighted personalized fish scales.

Like the bricks that line Centennial Olympic Park, individual personalized fish scales were sold to donors for $55. When donors visit the aquarium, they may type in their name in one of two kiosks and a light will illuminate the fish scale with their name on it. The money raised by the sale of the personalized fish scales was used to fund GAI's educational, conservation, and research efforts.

According to CTE's complaint, on April 27, 2004, GAI met with CTE and asked CTE to submit a proposal for the design of the FishScales Wall. Approximately two weeks later, on May 14, 2004, CTE submitted a written proposal for the design of the FishScales Wall (the "Proposal") to GAI. CTE then presented its proposal to GAI's executive committee. During CTE's presentation, CTE discussed with GAI the creation of a kiosk that would allow donors to type in their name and find their personalized fish scale. Following CTE's presentation, GAI indicated that it would contact CTE should GAI decide to retain CTE's services in implementing the FishScales Wall.

Several weeks later, GAI indicated that it remained interested in the Proposal and asked CTE to supplement its Proposal with a budget and proposed construction schedule. CTE forwarded these items to GAI on June 21, 2004.

2

On September 15, 2004, CTE filed an application for copyright protection in its Proposal. A copyright registration covering the Proposal was issued on December 9, 2004, approximately six months after CTE first presented its Proposal to GAI.

Several months later, CTE became aware of an article in the Atlanta Business Chronicle stating that GAI "plans to raise money by selling thousands of personalized lighted fish that will appear on an 80-foot wall in a high visibility area of the new building." CTE then contacted GAI regarding the FishScales Wall. GAI apologized for not communicating more effectively with CTE and informed CTE that it elected to adopt an alternative proposal and design for the FishScales Wall.

On July 6, 2005, CTE informed GAI that its FishScales Wall infringed CTE's copyright in the Proposal. CTE then requested a variety of documents regarding the FishScales Wall from GAI. GAI stated that it would investigate CTE's claims and evaluate CTE's request for documents. When GAI did not promptly conclude its investigation, CTE filed this complaint on October 27, 2005.

CTE's complaint contains seven claims against GAI. Count I is a claim for federal copyright infringement pursuant to 17 U.S.C. § 501. Similarly, Count II is a claim for common law

3

copyright infringement.  Counts III and IV allege claims for conversion and unjust enrichment respectively.  Counts V and VII are both claims for attorney's fees.[1]  Finally, Count VI is a request for preliminary and permanent injunctive relief.

<u>Legal Analysis</u>

A.   <u>Standard of Review for Motions to Dismiss</u>

Generally, a claim should be dismissed under Rule 12(b)(6) only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  When considering a motion to dismiss, the court must accept the facts pleaded as true and construe them in a light favorable to the plaintiff.  <u>See</u> <u>Covad Communications Corp. v. BellSouth Corp.</u>, 299 F.3d 1272, 1279 (11th Cir. 2002).  Thus, GAI can succeed in its motion to dismiss only if accepting the facts pleaded in the complaint as true, it appears beyond a doubt that CTE can prove no set of facts in support of its claims.

B.   <u>GAI's Motion to Dismiss</u>

---

[1] Count V requests attorney's fees pursuant to O.C.G.A. § 13-6-11, while Count VII asks for attorney's fees pursuant to the Copyright Act of 1976, 17 U.S.C. § 505.

4

GAI has moved to dismiss Counts II-V and Count VII of CTE's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, GAI contends that Georgia does not recognize CTE's common law copyright infringement claim, and even if it did, the claim is preempted by federal copyright law. Similarly, GAI argues that CTE's conversion and unjust enrichment claims are preempted by federal copyright law to the extent that they seek recovery for the conversion or unjust enrichment of copyrightable matter. To the extent that they claim that GAI misappropriated non-copyrightable ideas, GAI argues that CTE has failed to plead facts sufficient to establish protectable rights in its ideas. Because CTE's state law claims are allegedly insufficient, GAI argues that the court should dismiss Count V, CTE's claim for attorney's fees under O.C.G.A. § 13-6-11. Finally, GAI then argues that CTE's claim for attorney's fees under the Copyright Act should be dismissed because CTE failed to register its copyright within the required three-month period following first publication of the Proposal.

1.   Count II: Common Law Copyright Infringement

Georgia law does not recognize a claim for common law copyright infringement.  See Monumental Properties of Georgia, Inc. v. Frontier Disposal, Inc., 159 Ga. App. 35, 37, 282 S.E.2d 660, 663 (1981) ("While our court has referred to a so-called 'common law copyright,' . . . we find no authority therefor."). Even if Georgia did recognize such a claim, a claim for common law copyright infringement would almost certainly be preempted by the Copyright Act.  See H.R. Rep. 94-1476, 94th  Cong. 2d Sess. at 130 (1976) ("The intention of section 301 is to preempt and abolish any rights under the common law or statutes of any state that are equivalent to copyright and that extend to works coming within the scope of the federal copyright law."); Crow v. Wainwright, 720 F.2d 1224, 1225 (11th Cir. 1983).  CTE's common law copyright infringement claim, therefore, is due to be dismissed.[2]

2.   Count III:  Conversion

Count  III  of  CTE's  complaint  claims  that  GAI "misappropriated [CTE's] intellectual property rights in the [Proposal], [and] made use of and profited from the fruits of

_____

        [2] Furthermore, CTE abandoned this claim by failing to respond to GAI's arguments on this issue.

6

[CTE's] artistic and intellectual labor" without CTE's permission. GAI argues that CTE's undefined "intellectual property rights" can only take two forms: (1) copyrightable subject matter or (2) non-copyrightable ideas or concepts. To the extent that CTE's conversion claim is directed towards copyrightable subject matter contained in the Proposal, GAI argues that it is preempted by the Copyright Act. To the extent that CTE's conversion claim is directed towards non-copyrightable subject matter, GAI argues that CTE failed to allege all of the elements essential to its claim for conversion of non-copyrightable ideas.

As an initial matter, CTE failed to address GAI's argument that CTE's conversion claim is preempted by the Copyright Act to the extent that the claim asserts rights in copyrightable subject matter.[3] CTE, therefore, has abandoned this claim.

---

[3] To determine whether a state law claim is preempted by federal copyright law, courts engage in a two-step analysis pursuant to 17 U.S.C. § 301. A state law claim is preempted if: (1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102-103, and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of 17 U.S.C. § 106. Crow, 720 F.2d at 1226-27.

To the extent that CTE's conversion claim alleges that GAI misappropriated copyrightable subject matter, this claim meets both requirements of the preemption test; the claimed rights fall within the subject matter of copyright and the conversion

CTE, however, did address GAI's argument regarding non-copyrightable ideas. In particular, CTE argues that it has sufficiently pled a claim for conversion of non-copyrightable ideas.[4] CTE also argues that its conversion claim includes a claim for misappropriation of CTE's consulting services related to the development of GAI's FishScales Wall.[5]

To sustain a claim for conversion of a non-copyrightable idea under Georgia law, a plaintiff must prove that: (1) its idea was novel, (2) disclosure of the idea was made in

_____

claim alleges no extra element rendering the conversion claim qualitatively different from a copyright claim. Cf. Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1295 (11th Cir. 2004) (holding that a conversion claim was not completely preempted by the Copyright Act because the basis of the claim was a non-copyrightable idea). Accordingly, CTE's conversion claim is preempted to the extent that it asserts rights in copyrightable subject matter.

[4] Conversion claims based on non-copyrightable ideas are not preempted by the Copyright Act because these claims fail to meet the first requirement of the preemption test. Dunlap, 381 F.3d at 1295.

[5] To the extent that CTE's conversion claim can be read to cover a claim for misappropriation of CTE's consulting services related to the development of GAI's FishScales Wall, such a claim may be deficient. The court, for example, is not aware of any Georgia case holding that services may be converted. Cf. Edwaldson v. Atlantic Insurance Brokers, L.L.C., 267 Ga. App. 347, 349, 599 S.E.2d 223, 225 (2004) ("Conversion involves the unauthorized assumption and exercise of right of ownership over personalty of another, contrary to the owner's rights.").

confidence, (3) the defendant adopted and made use of the idea, and (4) the idea was sufficiently concrete in its development to be usable. Wilson v. Barton & Ludwig, 163 Ga. App. 721, 723, 296 S.E.2d 74, 77 (1982). Assuming for purposes of this motion that CTE's conversion claim can be read to assert a claim based on non-copyrightable subject matter, CTE's conversion allegations are deficient. First, CTE fails to identify any non-copyrightable ideas that were adopted by GAI. Second, CTE fails to allege that these non-copyrightable ideas were sufficiently concrete in their development to be usable by GAI. Third, CTE fails to allege that its non-copyrightable ideas were novel. Finally, while the complaint does allege that CTE's Proposal itself was stamped "Confidential," the complaint does not allege that CTE's non-copyrightable ideas were submitted to GAI in confidence.

Although CTE's conversion claim suffers from a variety of defects, the court will not dismiss it at this time. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."). Instead, CTE is hereby DIRECTED to file and serve an amended complaint within 20 days from the date of this order. The court

9

expects the amended complaint to correct the deficiencies pointed out in this order.  If the amended complaint fails to correct the deficiencies pointed out in this order, GAI may renew its motion to dismiss GAI's conversion claim.

    3.   <u>Count IV: Unjust Enrichment</u>

CTE's failure to allege that its non-copyrightable ideas were novel is equally fatal to CTE's unjust enrichment claim. <u>See</u> <u>Burgess v. Coca Cola Co.</u>, 245 Ga. App. 206, 210, 536 S.E.2d 764, 769 (2000) ("[N]onnovel ideas are insufficient 'to serve as consideration for a promise of confidentiality or as a basis for asserting unjust enrichment.'") (<u>citing</u> <u>Morton B. Katz & Associates v. Arnold</u>, 175 Ga. App. 278, 280, 333 S.E.2d 115 (1985)).  Similar to CTE's conversion claim, however, the court will not dismiss CTE's unjust enrichment claim at this time, but will instead allow CTE the opportunity to amend its unjust enrichment claim.  Again, if the amended complaint fails to correct the deficiencies pointed out in this order, GAI may renew its motion to dismiss GAI's unjust  enrichment claim.

    4.   <u>Count V: Attorney's Fees Pursuant to O.C.G.A. § 13-6-</u>
         <u>11</u>

Because the court has decided to give CTE an opportunity to amend its conversion and unjust enrichment claims, the court

will not dismiss CTE's claim for attorney's fees pursuant to O.C.G.A. § 13-6-11. Nevertheless, if the amended complaint fails to correct the deficiencies pointed out in this order, GAI may renew its motion to dismiss on this count.

    5.   <u>Count VII: Attorney's Fees Pursuant to the Copyright Act</u>

GAI next argues that CTE cannot claim attorney's fees under the Copyright Act because CTE did not register its copyright interest in the Proposal within three months after the first publication of the Proposal.

The Copyright Act makes a copyright infringer liable for attorney's fees. 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 412, however, no award of § 505 attorney's fees shall be made for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless the registration is made within three months after first publication of the work." In this case, the Proposal was first published on May 17, 2004, but CTE did not even apply to register its copyright interest in the Proposal until September 15, 2004. Thus, CTE's registration was made more than three months after first publication of the Proposal. The operative question,

therefore, is whether GAI's allegedly infringing activity commenced before the effective date of CTE's registration.

The court could not locate any allegations in the complaint stating when GAI allegedly began infringing the Proposal.  In its response brief, however, CTE's arguments suggest that CTE believes  that GAI began infringing the Proposal before CTE's registration date and continued infringing CTE's Proposal after the effective date of CTE's registration.  For example, CTE never argues that GAI's infringing activity began after the effective date of CTE's registration.  Instead, CTE contends that GAI's infringing activities occurring after CTE's registration are separately actionable and, thus, CTE is entitled to attorney's fees for these acts if it should prevail on its claims under the Copyright Act.

To the extent that CTE contends that it may be entitled to attorney's fees because GAI's infringing activities occurred both before and after the effective date of CTE's registration, CTE's claim for attorney's fees is likely defective.  As noted earlier, CTE is not entitled to attorney's fees for infringements that "commenced" after the Proposal was first published but before the effective date of CTE's registration

12

because CTE's registration was not made within three months after the first publication of the Proposal.[6]  17 U.S.C. § 412. The term "commenced" in § 412 is defined as the "first act of infringement in series of ongoing separate infringements." Cornerstone Home Builders, Inc. v. McAllister, 311 F. Supp.2d 1351, 1352 (M.D. Fla. 2004).  For example, in Cornerstone Home Builders, 311 F. Supp. 2d at 1352, the plaintiff sought attorney's fees pursuant to § 505 for the defendant's infringement of the plaintiff's architectural copyright.  The defendant opposed the request arguing that § 412 precluded the plaintiff from seeking attorney's fees.  The court rejected the plaintiff's claim holding that infringement of an architectural work commences when the defendant begins tracing the architectural floor plans and re-labeling the architectural drawings, and not when the construction plans are completed. Accordingly, the mere fact that some of GAI's allegedly infringing acts may have occurred after CTE registered its copyright will not necessarily overcome the fact that CTE failed to comply with the Copyright Act's registration requirements.

---

[6] It is undisputed that CTE's registration was not made within the statutory three-month period.

Despite this seeming infirmity in CTE's claim for attorney's fees, the court will not dismiss CTE's claim at this time.  See Corsello, 428 F.3d at 1014.  Instead, if, after examining the facts and the law, CTE still believes that it has a viable claim for attorney's fees under the Copyright Act, CTE may include such a claim in its amended complaint.  If CTE includes such a claim and GAI believes that the complaint as amended still fails to state a claim, GAI may renew its motion to dismiss this count.

As a final matter, the court notes that throughout CTE's response to GAI's motion to dismiss, CTE continually argues that its claims should not be dismissed because they are "sufficient to place GAI on notice" of the nature of the claim pled.  While it is true that the Federal Rules of Civil Procedure generally only require notice pleading, this does not mean that CTE's claims are sufficient to withstand a Rule 12(b)(6) motion to dismiss.  The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  The court urges CTE to consider this purpose when drafting the amended complaint.  Although CTE's amended complaint may adequately place GAI on notice of CTE's claims,

14

CTE's claims will still be dismissed if, after accepting all the facts in the amended complaint as true, the claims in the amended complaint are still legally deficient.

<u>Conclusion</u>

For the reasons set forth above, GAI's motion to dismiss [Doc. No. 6] is GRANTED IN PART and DISMISSED IN PART as moot. The motion is GRANTED to the extent that GAI seeks to dismiss Count I, CTE's common law copyright infringement claim.  The motion is DISMISSED AS MOOT with respect to CTE's conversion claim, unjust enrichment claim, and claims for attorney's fees. CTE is DIRECTED to file an amended and recast complaint with 20 days from the date of this order.  If the amended complaint fails to correct the deficiencies pointed out in this order, GAI may renew its motion to dismiss these counts.

SO ORDERED, this <u>1</u><sup>st</sup> day of February, 2006.


<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge


15